IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 05 2018
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**JIM THOMPSON, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                              No. 4:18-cv-903-SWW

**DIMICHELE ENTERPRISES, INC.;**                                            **DEFENDANTS**
**NICOLE DIMICHELE; and DEAN**
**DIMICHELE**

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jim Thompson ("Thompson" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Christopher Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendants DiMichele Enterprises, Inc., Nicole DiMichele, and Dean DiMichele (collectively "Defendants"), he does hereby state and allege as follows:

## I.
## INTRODUCTION

1.   This is a class and collective action brought by Plaintiff Jim Thompson, both individually and on behalf of all hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.   Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"), and the Arkansas "Last Paycheck" law, Ark. Code Ann. § 11-4-405.

3. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

4. Plaintiff seeks monetary damages, prejudgment interest, statutory penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to properly pay to Plaintiff his wages earned prior to his discharge from employment after Plaintiff made lawful demand upon Defendants for payment to which he is owed.

5. Plaintiff seeks monetary damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendants knowingly and maliciously provided no benefit or consideration in exchange, despite knowing that Plaintiff performed such services with the anticipation of receiving compensation.

## II.
## JURISDICTION AND VENUE

6. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. Plaintiff's claims under the AMWA and the Last Paycheck law form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and Last Paycheck law claims pursuant to 28 U.S.C. § 1367(a).

9. Defendants conduct business within the State of Arkansas, with their principal place of business in North Little Rock.

10. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendants reside in Arkansas, so the State of Arkansas therefore has personal jurisdiction over Defendants.

11. Plaintiff was employed by Defendants to provide services for Defendants' business in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.
## THE PARTIES

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Jim Thompson is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

14. Plaintiff was employed by Defendants as an hourly-paid restaurant employee for Defendants' business in North Little Rock.

15. Plaintiff began his employment with Defendants in August of 2018 and he continued his employment with Defendants until November 22. At all times relevant herein, Plaintiff was an "employee" of Defendants as defined by the FLSA and the AMWA.

16. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

17. At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

18. Defendant DiMichele Enterprises, Inc. ("DiMichele Enterprises"), is a domestic for-profit corporation, organized and conducting business under the laws of the State of Arkansas, and may be served through its registered agent for service of process, Terry L. Mathews, at 111 Center Street, Suite 2200, Little Rock, Arkansas 72201.

19. Defendant DiMichele Enterprises operates multiple McDonald's restaurant franchise locations throughout Arkansas, including the location at which Plaintiff worked, which is 4008 McCain Boulevard, North Little Rock, Arkansas 72116.

20. Upon reasonable information and belief, Defendant Nicole DiMichele is an individual and resident of Pulaski County.

21. Upon reasonable information and belief, Defendant Dean DiMichele is an individual and resident of Pulaski County.

22. Defendants Nicole DiMichele and Dean DiMichele operate as employers alongside DiMichele Enterprises, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determine Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

23. Defendant DiMichele Enterprises was at all times relevant hereto operated as a single joint enterprise by and with Defendants Nicole DiMichele and Dean DiMichele, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

24. Defendants acted jointly as "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff and all other hourly employees.

25. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employers through unified management.

26. As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

27. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

28. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cooking utensils and equipment, office supplies, and food products.

29. Defendants have at all times relevant hereto been engaged in interstate commerce as that term is defined under the FLSA.

30. Defendants have at all times relevant hereto employed four or more individuals.

## IV.
## FACTUAL ALLEGATIONS

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32. Within the relevant time period, Plaintiff and other similarly situated employees were paid an hourly wage.

33. Within the time period relevant to this case, Plaintiff and other hourly employees worked for Defendants' McDonald's restaurant franchise locations in Arkansas.

34. Plaintiff's primary duties consisted of taking orders and preparing food for Defendants' customers, as well as cleaning and maintaining Defendants' restaurant facility. These were also the primary duties of all other hourly employees for Defendants.

35. Plaintiff and other hourly employees often worked more than forty (40) hours per week while working for Defendants.

36. During the entirety of Plaintiff's employment, Plaintiff and other hourly employees were classified by Defendants as non-exempt, hourly employees and were paid an hourly rate.

37. At all times relevant hereto, Defendants maintained complete control over the times and dates Plaintiff was be at work, how he was to perform his work, and Defendants paid Plaintiff on a regular schedule. Plaintiff had no investment in Defendants' business or operations, and Defendants provided Plaintiff with all supplies, equipment

and facilities necessary to perform his job duties. This was true of all other hourly employees for Defendants as well.

38. Defendants at all times relevant hereto maintained an employer-employee relationship with Plaintiff and other hourly employees.

39. Defendants tracked Plaintiff's working hours using a time clock system in Defendants' restaurant that employees, including Plaintiff, used to record their working hours by physically clocking in at the beginning of their shifts and out at the end of their shifts.

40. The time clock used by Defendants to track the working hours of Plaintiff and other hourly employees regularly failed to accurately record hours worked.

41. Plaintiff was at times unable to clock in at the time he arrived and began working, but rather often had to wait until a manager arrived at work to clock him in. As a result, the clock-in time reflected on the time clock was later than the time that Plaintiff actually began working. This was true of other hourly employees for Defendants as well.

42. As a result of Defendants' failure to accurately record hours worked by Plaintiff and other hourly employees, Defendants failed to pay Plaintiff and other hourly employees proper minimum and overtime wages for all hours worked each week.

43. Defendants failed to pay and have yet to pay to Plaintiff his last paycheck after his employment with the Defendants was terminated by Defendants on November 22, despite Plaintiff making lawful demand upon Defendants that they do so both within and after the seven days following Plaintiff's last day of employment.

44. Despite having performed work for Defendants, Plaintiff has not been paid for his hours worked leading up to his termination by Defendants as a result of Defendants' failure to tender payment to Plaintiff.

45. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other hourly employees violated the AMWA.

46. Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff and other hourly employees violated the FLSA.

47. Plaintiff and other hourly employees routinely used and handled items and goods used in the restaurant business such as cooking utensils and equipment, office supplies, and food products. Thus, Plaintiff and other hourly employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.
## REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Collective

48. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

49. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Plaintiff brings his FLSA claim on behalf of all other hourly employees employed by Defendants at any time within the applicable statute of limitations period, who were denied a lawful minimum wage and proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of lawful minimum wages for all hours worked for Defendants through forty (40) per week, and overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

51. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

52. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

53. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendants' common practice of not paying a lawful minimum wage for all hours worked through forty (40) per week or an overtime premium for all hours worked over forty (40) hours per workweek.

54. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group includes at least 15 persons.

55. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email

and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

56.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.     Plaintiff proposes to represent the class of hourly employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

58.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendants lawfully and properly paid the members of the proposed class for all hours worked, including a lawful overtime rate, in accordance with the AMWA.

59.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

60.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as

their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

61. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds forty (40) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

62. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

63. Concentrating the litigation in this forum is highly desirable because Defendants are headquartered in and operate multiple restaurant locations, including the one at which Plaintiff worked, in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

64. No difficulties are likely to be encountered in the management of this class action.

65. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

66. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

67. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

68. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.
## FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

69. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

71. At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

72. During the course of his employment with Defendants, Plaintiff was regularly and typically directly involved in interstate commerce, specifically by routinely using and handling items that were produced for or traveled in interstate commerce.

73. At all times relevant hereto, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

74. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

75. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a minimum wage for all hours worked by Plaintiff each week or overtime payments at the lawful rate of one and one-half (1.5) times his regular hourly rate for all hours worked in excess of forty (40) each week.

76. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff any wages for his hours worked between the date covered by the most recent paycheck Plaintiff received prior to his termination and the last date Plaintiff worked.

77. Defendants willfully and intentionally failed to pay minimum wages and overtime premiums to Plaintiff.

78. By reason of the willful and intentional unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.
## SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

80. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

81. Plaintiff brings this collective action on behalf of all other hourly employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff

and members of the putative collective for unpaid minimum wage for all hours worked through forty (40) each week and overtime compensation for all the hours they worked in excess of forty (40) each week.

82. Plaintiff brings this action on behalf of himself and all other hourly employees of Defendants, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

83. Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

84. Like Plaintiff, other hourly employees were not paid for all of the time that they worked and were often required to work more than forty (40) hours in a week.

85. As a result of Defendants' failure to accurately record employees' hours worked, Defendants failed to pay these hourly employees a lawful minimum wage and at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

86. Because these employees are similarly situated to Plaintiff and are owed minimum wages and overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid employees within the past three (3) years.**

87. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid minimum wages, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

89. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.
## THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

90. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

91. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

92. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

93. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

94. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a minimum wage for all hours worked

by Plaintiff each week and overtime payments at the lawful rate of one and one-half (1.5) times his regular hourly rate for all hours worked in excess of forty (40) each week.

95. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff any wages for his hours worked between the date covered by the most recent paycheck Plaintiff received prior to his termination and the last date Plaintiff worked.

96. Defendants willfully and intentionally failed to pay minimum wage and overtime wages to Plaintiff.

97. By reason of the willful and intentional unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

98. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.
## FOURTH CAUSE OF ACTION
### (Class Claim for Violation of the AMWA)

99. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

100. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq.*

101. At all relevant times, Defendants have been, and continue to be, an

"employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102. Defendants failed to pay Plaintiff and members of the proposed class a lawful minimum wage for all hours worked up to forty (40) per week and lawful overtime wages for all hours worked over forty (40) per week as required under the AMWA, despite their entitlement thereto.

103. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid employees in Arkansas within the past three (3) years.**

104. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

105. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee, as provided by the AMWA, for all violations which occurred within the three years prior to the filing of this Complaint, plus periods of equitable tolling.

106. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.
## FIFTH CAUSE OF ACTION
**(Claim for Violation of the "Last Paycheck" Law)**

107. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

108. Plaintiff was an employee of the Defendants until November 22, when Plaintiff was discharged by Defendants.

109. Defendants have not provided Plaintiff with his final paycheck, in violation of Ark. Code Ann. § 11-4-405.

110. Plaintiff made lawful demand to Defendants for payment of his last paycheck within seven days after his discharge from employment.

111. As of the date of this filing, Defendants have yet to pay to Plaintiff his last paycheck.

112. Pursuant to Ark. Code Ann. § 11-4-405(a)(2), Plaintiff is entitled to recover wages from the date of his discharge from employment, continuing forward until paid at the same rate as if Plaintiff were still employed by Defendants.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jim Thompson, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages suffered by Plaintiff and the collective and class members for all unpaid minimum wages and overtime wages under the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

F.   Judgment for liquidated damages in an amount equal to all minimum wage compensation and unpaid overtime compensation owed to Plaintiff and the collective and class members pursuant to the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and relating regulations;

G.   Judgment for damages equal to compensation owed to Plaintiff for his last paycheck and wages for each day until paid after the termination of Plaintiff's employment pursuant to the Arkansas "Last Paycheck" law, Ark. Code Ann. § 11-4-405;

H.   Judgment for any and all statutory penalties to which Plaintiff may be entitled;

I.   An order directing Defendants to pay Plaintiff and the collective and class members prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

J.   Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**JIM THOMPSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com